UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LISA WILLIAMS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:25-CV-183-TLS-JEM<br>) |
| MTV, *et al.*,<br>    Defendants. | )<br>)<br>) |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court *sua sponte*. On July 14, 2025, on August 18, 2025, and again on August 28, 2025, the Court told Plaintiff that she needed to file proof of service on Defendants. The Court indicated that failure to achieve service on Defendants could result in dismissal of Plaintiff's lawsuit. After Plaintiff failed to comply with those orders, the Court set this matter for a show cause hearing on October 23, 2025, and warned Plaintiff that failure to appear could result in dismissal of her case as a sanction. Plaintiff did not appear. The Court reset the hearing for November 20, 2025, warning Plaintiff that failure to appear at the reset hearing would likely result in the Court recommending dismissal of the case as a sanction for failure to comply with Court orders. Once again, Plaintiff failed to appear.

Federal Rule of Civil Procedure 4(m) provides, in part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The deadline for service has expired, with no indication of service on the docket nor an additional request for extension of time to effect service.

1

Accordingly, in light of Plaintiff's repeated failure to comply with Court orders and for failure to provide proof of service—timely or otherwise—on Defendants, the Court **RECOMMENDS** that the District Court **DISMISS** this matter **without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

SO ORDERED this 20th day of November, 2025.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   Plaintiff, *pro se*