**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

LISA WILLIAMS,

               Plaintiff,

v.

MTV, et al.,

               Defendants.

CAUSE NO.: 2:25-CV-183-TLS-JEM

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation [ECF No. 20], filed by

Magistrate Judge John E. Martin on November 20, 2025.

Magistrate Judge Martin recommends that the Court dismiss this matter without prejudice

for Plaintiff Lisa Williams' repeated failure to comply with court orders and for failure to

provide proof of service under Federal Rule of Civil Procedure 4(m). The Court's review of a

Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C), which

provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file
> written objections to such proposed findings and recommendations as provided by
> rules of court. A judge of the court shall make a de novo determination of those
> portions of the report or specified proposed findings or recommendations to which
> objection is made. A judge of the court may accept, reject, or modify, in whole or
> in part, the findings or recommendations made by the magistrate judge. The judge
> may also receive further evidence or recommit the matter to the magistrate judge
> with instructions.

28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a

copy of the recommended disposition, a party may serve and file specific written objections to

the proposed findings and recommendations."). Portions of a recommendation to which no party

objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.

1999). Magistrate Judge Martin gave the Plaintiff notice that she had fourteen days to file an objection to his Report and Recommendation. The Plaintiff did not file an objection, and the time to do so has passed.

A summons must be directed to each defendant. Fed. R. Civ. P. 4(a)(1)(B). "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On April 9, 2025, the Plaintiff, proceeding without counsel, filed a Complaint and paid the filing fee. ECF Nos. 1, 4. On July 14, 2025, August 18, 2025, and August 28, 2025, Magistrate Judge Martin advised the Plaintiff that she needed to file proof of service of summons on the Defendants. ECF Nos. 9, 10, 12. The Court set a deadline of September 10, 2025, to file summonses, which the Plaintiff did not meet. ECF No. 12. On September 26, 2025, Magistrate Judge Martin issued an Order to Show Cause regarding the failure to file summonses, setting a show cause hearing for October 23, 2025, and warning that the failure to appear at the hearing may result in sanctions, including dismissal of the case. ECF No. 13. When the Plaintiff did not appear for the hearing, Magistrate Judge Martin reset the show cause hearing for November 20, 2025, again warning: "If she fails to appear the Court will almost certainly recommend that this case be dismissed." ECF Nos. 17, 18. The Plaintiff failed to appear at the November 20, 2025 hearing. ECF No. 19.

2

The time limitation for service of process has elapsed because more than 90 days has passed since the Complaint was filed on April 9, 2025. The Plaintiff was given several opportunities to comply with Rule 4(m) but failed to do so. The Plaintiff has not attempted to show good cause for any further extension of the Rule 4(m) deadline despite being given several opportunities by Magistrate Judge Martin. Accordingly, the Court finds no error in Judge Martin's recommendation that the Court must dismiss the case without prejudice pursuant to Rule 4(m). Because dismissal is required under Rule 4(m), the Court declines to address the alternate basis for dismissal of failure to comply with court orders.

The Court notes that, on December 10, 2025, the Court received as returned and undeliverable the certified mail containing the Court's October 23, 2025 Show Cause Order. *See* ECF No. 21. The Show Cause Order was also sent by first class mail. *See* Oct. 23, 2025 Ord., ECF No. 18. It is the Plaintiff's obligation to keep the Clerk of Court apprised of her current address. *See Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004). The docket sheet and certified mail show the address the Plaintiff included on her Complaint [ECF No. 1], and she has not provided the Court with an updated address. The Plaintiff is able to view the docket in her case in the Clerk's Office of the courthouse.

## CONCLUSION

Based on the foregoing, the Court ACCEPTS the Report and Recommendation [ECF No. 20] and ORDERS that the Plaintiff's Complaint is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED on December 16, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT